# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN WINDISCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:08-cv-00664-RCJ-WGC |
| vs. | ) | |
| | ) | |
| HOMETOWN HEALTH PLAN, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a class action brought by a doctor against four healthcare organizations for breach of contract, bad faith, and consumer fraud in connection with alleged systematic and improper "downcoding" and "bundling" of healthcare reimbursement claims. The Court has denied a motion to certify the class. The magistrate judge has denied Plaintiff's Motion for Discovery (ECF No. 112), and Plaintiff has asked the Court to review that order (ECF No. 131) pursuant to Rule 72(a).[1] For the reasons already recounted in the order, the Court denies the motion.[2]

As the magistrate judge noted in the order, the Court denied class certification because Plaintiff had not satisfied Rule 23 under *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011).

---

[1] Plaintiff does not explicitly invoke Rule 72(a), but as Defendants note, that is the nature of his motion. Because Rule 72(a) movants are not allowed a reply, Defendants' motion to strike Plaintiff's reply will be granted. *See* Fed. R. Civ. P. 72(a) (providing only for "objections" to a magistrate judge's order upon issues that the magistrate judge may finally adjudicate); Local R. IB 3-1(a) (providing only for "objections" and an "opposi[tion]").

[2] The Court will summarize its views herein but agrees with the magistrate judge's ruling in full.

1  Plaintiff had agreed in a hearing before the previously assigned magistrate judge that he did not
2  need certain claims data in order to prepare for his motion for class certification.  The magistrate
3  judge noted that he would revisit the issue, however, if Plaintiff so moved.  Plaintiff never so
4  moved.  Despite the Supreme Court's issuance of the *Dukes* decision on June 20, 2011—a
5  decision reported extensively in the national media and which clarified the federal Rule 23
6  standards for class certification in reversing this Circuit—Plaintiff for three months failed to
7  renew his request for the claims data or to make any requests for additional discovery in order to
8  satisfy the strictures of Rule 23 certification.  Only after the Court indicated at the class
9  certification hearing that it intended to deny certification did Plaintiff renew the request for the
10  claims data.  Discovery has closed, and Plaintiff had ample time to renew his request for the
11  claims data between the issuance of *Dukes* and the class certification hearing.
12       A district court may reverse a magistrate judge's order on a non-dispositive issue if it is
13  "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a).  The Court agrees with the
14  magistrate judge's ruling and would decline to reverse it even under a de novo standard.

## CONCLUSION

16       IT IS HEREBY ORDERED that the Motion for Review of the Magistrate Judge's Order
17  (ECF No. 132) is DENIED.
18       IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 135) is GRANTED.
19       IT IS SO ORDERED.
20  Dated this 7th day of March, 2012.

_____
ROBERT C. JONES
United States District Judge